1

2

3    **UNITED STATES DISTRICT COURT**

4    **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8    JESUS CORTEZ *et al.*,                      Case No.: C-11-03199-YGR

             Plaintiffs,                          **ORDER GRANTING DEFENDANTS' MOTIONS**
9                                                 **TO DISMISS WITHOUT PREJUDICE TO**
             vs.                                  **REPLEAD ONE CAUSE OF ACTION FOR**
10   COUNTY OF ALAMEDA *et al.*,                  **SELECTIVE PROSECUTION**

11           Defendants.

12

13

14           This action arises out of Plaintiffs' claims for discrimination, harassment, and the

15   unconstitutional taking of private property without just compensation.  Plaintiffs allege that a zoning

16   ordinance ("Ordinance"), which restricts the keeping of animals, such as horses, steers and cows, on

17   residential property violates their civil rights.  Based upon these allegations, Plaintiffs bring claims for

18   Declaratory Relief and Preliminary and Permanent Injunction (Count I); Injunctive Relief (Count II);

19   Discrimination and Harassment (Count III); and Deprivation of Civil Rights (Count IV).

20           Before this Court are two motions to dismiss.  Defendants County of Alameda, Alameda

21   County Sheriff's Department, Sheriff Gregory J. Ahern and Dean N. Staver's Motion to Dismiss

22   Amended Complaint (Dkt. No. 32) and Motion to Dismiss of Defendants Dale Silva, Hal Bancroft,

23   John Kriege, Gary Parham and Mike Bush (Dkt. No. 36) (collectively "Defendants").  This Court

24   previously afforded plaintiffs with an opportunity to amend.  Dkt. No. 29.

25           Having carefully considered the papers submitted and the pleadings in this action, and for the

26   reasons set forth below, the Court holds that Plaintiffs' Amended Complaint again fails to set forth

27   sufficient facts to support the claims alleged.   The Court will allow Plaintiffs one additional

28   opportunity to plead a claim based upon a theory of selective prosecution.  The claim based upon a

United States District Court
Northern District of California

theory of selective prosecution is **DISMISSED WITHOUT PREJUDICE**.  All other claims are **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

### A.  FACTUAL BACKGROUND

Plaintiffs are Hispanic homeowners who live in the Fairview Area of the Hayward Hills, in unincorporated Alameda County, California.  Amended Complaint, Dkt. No. 30 ("FAC") ¶¶ 1-2.  When Plaintiffs moved into their homes in the early-1980's the Alameda County Ordinance Code permitted Plaintiffs to keep horses, steers and/or cows on lots in excess of one-half acre with 5000 square feet of available space per animal.  *Id.* ¶ 2.  On January 11, 2011, the County changed the zoning ordinance so that horses, steers, and/or cows could only be kept on lots larger than 40,000 square feet with 20,000 square feet of available space per animal.  *Id.* ¶¶ 2-4.  Specifically, it provides:

> 17.26.030 – Uses permitted.
> The following uses in addition to those permitted in the district with which it is combined are accessory uses permitted in an L district on a site of forty thousand (40,000) square feet minimum size:
>
> A.  Fifty (50) fowl (chicken, duck, goose, turkey) or rabbits, guinea pigs, or other similar small animals);
>
> B.  Two sheep, or two goats or other similar domestic animals or one cow, or one horse, or other similar domestic animal or any combination thereof, for each twenty thousand (20,000) square feet of lot area;
>
> C.  Grazing or pasturing of horses for remuneration, on minimum area required by subsection B of this section.

Homeowners may apply for a Conditional Use Permit in order to keep additional animals on their property.[1]  *Id.* ¶ 7.  The application process for a Conditional Use Permit requires the applicant to pay the costs necessary to process the application, and also agree to hold the County harmless from any

---

[1] 17.26.040 – Conditional uses.
The following are conditional uses in an L district and shall be permitted only if approved by the board of zoning adjustments as provided in Section 17.54.130:
A.  The keeping of a number of animals in excess of that permitted by Section 17.26.030;
B.  Kennel;
C.  Boarding stables and riding academies;
D.  Sale of any products of any permitted use, including a stand for the sale at retail of such items as regulated in Section 17.06.050D.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  liability the County may incur as a result of the County's actions with respect to granting the

2  application.  *Id.*

3      Plaintiffs allege that Defendants Hal Bancroft, John Kriege, Gary Parham, and Michael Bush,

4  who are Officers and Directors of the Hayward Hills Homeowners' Association ("Homeowners'

5  Association Defendants") either insisted, demanded, directed or urged the County and Sheriff's

6  Department to change the zoning ordinance.  *Id.* ¶¶ 16, 57.  Plaintiffs further contend that the changes

7  to the Ordinance by the County and Sheriff's Department were made without informed notice to the

8  Plaintiffs, without a showing of supporting need, and the changes do not comply with housing

9  covenants applicable to the Fairview Area.  *Id.* ¶¶ 16, 25.  According to Plaintiffs, the true purpose

10  and intent of the new Ordinance is to discriminate against and harass Plaintiffs, to interfere with

11  Plaintiffs' personal and property rights, and to force minorities out of their homes in the Fairview

12  Area.  *See id.* ¶¶ 18, 41, 56.

13      The Homeowners' Association Defendants are alleged to have made frequent and unwarranted

14  complaints to the County and the Sheriff's Department claiming Plaintiffs have violated the

15  Ordinance.  *Id.* ¶¶ 19, 42.  On March 6, 2011, Defendants Gregory J. Ahern and Dean N. Stavert,

16  employees with the Sheriff's Department, responded to the Homeowners' Association Defendants'

17  complaints and allegedly issued threatening demands for compliance with the Ordinance and

18  instructed the Plaintiffs to complete an application for a Conditional Use Permit.  *Id.* ¶ 7.  Plaintiffs

19  believe they are being singled out by Ahern, Stavert and other representatives of the County, who are

20  selectively enforcing the law and selectively prosecuting the Plaintiffs as a pretext to harass and

21  discriminate against Plaintiffs.  *Id.* ¶ 8.  Presently pending are three trials in which Plaintiffs are being

22  criminally prosecuted for violating the Ordinance.  *Id.* ¶ 54.

23      Plaintiffs allege that the changes to the Ordinance interfere with Plaintiffs' use and enjoyment

24  of their property, and amount to an unconstitutional "taking" of Plaintiffs' property by eliminating all

25  animals on Plaintiffs' property, and by requiring Plaintiffs to pay exorbitant fees and costs and agree

26  to illegal contract terms in order to obtain a permit to maintain animals.  *Id.* ¶¶ 18, 41, 56.  In addition

27  to interfering with Plaintiffs' property rights, Plaintiffs allege that the Defendants' true purpose and

28  intent when they changed the Ordinance was "to discriminate and harass Plaintiffs based on their sex,

United States District Court
Northern District of California

1   race, color, religion, ancestry, national origin, disability and medical condition." *Id.*  Plaintiffs allege

2   this violates California Civil Code §§ 51 and 52, the First, Fifth and Fourteenth Amendments to the

3   United States Constitution pursuant to 42 U.S.C. § 1983 and Article 1, Sections 1, 7, and 19 of the

4   California Constitution.  Although Plaintiffs plead causes of action for Permanent Injunction,

5   Injunctive Relief, Discrimination and Harassment, and Deprivation of Civil Rights, their theories of

6   liability appear to be (A) a taking in violation of the United States and California Constitutions; (B)

7   violations of substantive due process and (C) equal protection under the United States and California

8   Constitutions, and the Unruh Act; and (D) selective prosecution in violation of the United States and

9   California Constitutions.

10  **B.   PROCEDURAL BACKGROUND**

11  Plaintiffs filed their original Complaint in state court and subsequently Defendants removed

12  this case to federal court.  *See* Notice to District Court of Removal, Dkt. No. 1.  The original

13  Complaint alleged four causes of action: the first two sought injunctive and declaratory relief, the

14  third cause of action alleged "Tortious Acts and Omissions," and the fourth cause of action claimed

15  deprivation of civil rights.  Complaint, Dkt. No. 1, Ex. A.  The Defendants moved to dismiss, and

16  after a hearing, the Court dismissed the Complaint for failure to state a claim upon which relief can be

17  granted with leave to amend.  Order Granting Defendants' Motion to Dismiss, Dkt. No. 29.  The

18  claims for Injunctive and Declaratory Relief were dismissed with prejudice to the extent that Plaintiffs

19  sought to plead separate causes of action for injunctive and declaratory relief.  *Id.*

20  Plaintiffs have not cured the defects in the Amended Complaint.  First, despite dismissal of the

21  causes of action for injunctive and declaratory relief *without* leave to amend, Plaintiffs amended their

22  Complaint and re-pled separate causes of action for injunctive and declaratory relief.  Second, the

23  remaining claims for discrimination and harassment, and deprivation of civil rights suffer from the

24  same deficiencies as in the original Complaint.

25  **C.   LEGAL STANDARD**

26  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the

27  complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material

28  fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  However, legally

conclusory statements, not supported by factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) ("legal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations"). Thus, Plaintiffs' obligation to provide the grounds of their entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting *Twombly*, *supra*, 550 U.S. at 558-59, 127 S.Ct. 1955). Applying these principles to the Plaintiffs' Amended Complaint, the Court concludes that each of the claims must be dismissed as a matter of law.

## II.     ANALYSIS

### A.     NO UNCONSTITUTIONAL TAKING

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. This does not proscribe taking private property for public use, only taking "without just compensation." *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536-37, 125 S.Ct. 2074 (2005). Government regulations in some instances may be compensable under the Fifth Amendment Takings Clause. *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1014-19, 112 S.Ct. 2886 (1992).

Regulatory action that does not involve a permanent physical invasion of property, or completely deprive the owner of all economically beneficial use of the subject property is analyzed under the "*ad hoc*" balancing approach of *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124-25, 98 S.Ct. 2646 (1978). *See Lingle*, *supra*, 544 U.S. at 538-39, 125 S.Ct. 2074. First, the Court must consider "the economic impact of the regulation on the claimant"; and second, "the extent to which the regulation has interfered with distinct investment-backed expectations." *Id.* The character of the government action may also be relevant. *Id.*

///

United States District Court
Northern District of California

1    The change to the Ordinance at issue here does not amount to an unconstitutional "taking."

2 Plaintiffs argue they had a vested property interest in the housing covenants and zoning ordinances[2]

3 existing at the time they purchased their homes in the early-1980's.  FAC ¶¶ 22, 34.  Plaintiffs allege

4 that by changing the zoning ordinance, they have been deprived of the use and enjoyment of their

5 property because the new Ordinance virtually eliminates all animals, domestic or otherwise.  *Id.* ¶¶ 17,

6 18, 40, 41, 56.  According to Plaintiffs, this is a regulatory taking of Plaintiffs' property rights in

7 violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Critically,

8 Plaintiffs do not suggest that the Ordinance has had any economic impact on them or interfered with

9 any of their "investment-backed expectations."  While Plaintiffs may believe that they have suffered a

10 diminution of value in their land, *id.* ¶ 24, they have not alleged that they have been deprived of any

11 economically beneficial use of their land.  Accordingly, Plaintiffs have failed to allege facts to support

12 an inference that a "taking" has occurred.[3]  Therefore, this claim is **DISMISSED WITH PREJUDICE**.

13       **B.    NO DUE PROCESS VIOLATION**

14    "[A] regulation that fails to serve any legitimate governmental objective may be so arbitrary or

15 irrational that it runs afoul of the Due Process Clause."  *Lingle*, *supra*, 544 U.S. at 542, 125 S.Ct.

16 2074.  It is well-established that the government may legitimately regulate the keeping of animals.

17 *See Nicchia v. New York*, 254 U.S. 228, 230-31, 41 S.Ct. 103 (1920); *Spoklie v. Montana*, 411 F.3d

18 1051, 1059 (9th Cir. 2005).  If the regulatory body "could have concluded rationally" that the

19 challenged Ordinance bears some relation to the public health, safety, morals, or general welfare,

20 courts may not question its judgment.  *Id.* (quoting *Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939

21 (1979) (internal quotation marks omitted)).

22    The County Defendants advance the purpose of promoting the health, safety and welfare of the

23 general public.  Mot. to Dismiss 13-15.  Regulation of the keeping of animals is rationally related to

24 the legitimate governmental interest of promoting the safety and welfare of the general public.  The

25

26

27

28

---

[2] Zoning regulations are not contracts, which in any sense preclude their subsequent amendment.  *See* 138 A.L.R. 500 (2011) (citing *Reichelderfer v. Quinn*, 287 U.S. 315, 53 S.Ct. 177 (1932)).
[3] Because the Fifth Amendment prohibits "takings" only when done "without just compensation," a plaintiff must plead not only a governmental "taking" but that the plaintiff sought recompense but was denied.  Plaintiffs have not done that, such that even if the regulatory action constituted a taking, they still would not have stated a claim for a regulatory taking.

United States District Court
Northern District of California

1    conclusory allegations in the Amended Complaint are insufficient to show that the change to the

2    Ordinance was either arbitrary or irrational.

3    Plaintiffs allege, in conclusory fashion, that Defendants' "activities were arbitrary and

4    unreasonable." *See* Pls.' Opp'n 13. In the Amended Complaint, Plaintiffs allege that the change to

5    the Ordinance is unreasonable, and, as mentioned above, a taking, with the true purpose and intent "to

6    discriminate and harass Plaintiffs based on their sex, race, color, religion, ancestry, national origin,

7    disability and medical condition." FAC ¶¶ 18, 41, 56. Plaintiffs identify themselves as Hispanic, but

8    otherwise fail to provide factual support for the allegations that they are members of any other

9    protected class. "The bald allegation of impermissible motive on the [Plaintiffs'] part, standing alone,

10   is conclusory and therefore not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572

11   F.3d 962, 970 (9th Cir. 2009).

12   Turning to the factual allegations in Plaintiffs' Amended Complaint that are entitled to the

13   assumption of truth, the facts alleged are that the County and its Sheriff's Department changed the

14   Ordinance, and that Plaintiffs are Hispanic homeowners who are being criminally prosecuted for

15   violating the new Ordinance because they have not obtained Conditional Use Permits to maintain

16   animals on their property. FAC ¶¶ 56-57. Again, these factual allegations alone do not support a

17   discriminatory purpose to the Ordinance. Accordingly, Plaintiffs have not stated a claim for a due

18   process violation. This claim is **DISMISSED WITH PREJUDICE**.

19   **C.    NO EQUAL PROTECTION VIOLATION**

20   The Fourteenth Amendment provides that no state shall "deny to any person within its

21   jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiffs argue that the

22   Ordinance denies land use because of race and is an invalid exercise of the County's police power

23   because it is arbitrary and capricious and is not rationally related to any conceivable legitimate

24   governmental purpose. Plaintiffs' Opposition to Motion to Dismiss 8, Dkt. No. 37; Plaintiffs'

25   Opposition to Homeowners' Motion to Dismiss 9, Dkt. No. 39. The Ordinance does not make any

26   classifications based upon the racial or ethnic background of the landowner, and therefore, on its face,

27   the Ordinance cannot be deemed to deny Plaintiffs equal protection of the laws.

28   ///

United States District Court
Northern District of California

1    Where, as here, an ordinance does not "purposefully operate [] to the detriment of a suspect

2    class, the only requirement of equal protection is that [the Ordinance] be rationally related to a

3    legitimate governmental interest." *Nordyke v. King*, 644 F.3d 776, 794 (9th Cir. 2011) (holding that

4    although right to bear arms is fundamental, gun show promoters' equal protection claim was subject

5    to rational basis scrutiny) (quoting *Harris v. McRae*, 448 U.S. 297, 326, 100 S.Ct. 2671 (1980)); *see*

6    *also, Romer v. Evans*, 517 U.S. 620, 116 S.Ct. 1620 (1996) (if a law neither burdens a fundamental

7    right nor targets a suspect class, courts must uphold the legislation so long as it bears a rational

8    relation to some legitimate end). Scrutinizing the Ordinance at issue under this "rational basis"

9    standard, the Ordinance regulating the keeping of animals is rationally related to the legitimate

10   governmental interest of promoting the health, safety and welfare of the general public. Without

11   more, the Plaintiffs have not stated a claim for violation of equal protection on this basis. Therefore,

12   this claim is **DISMISSED WITH PREJUDICE**.

13        **D.    NO SELECTIVE PROSECUTION**

14        Plaintiffs' only conceivable theory of liability is for selective enforcement of the Ordinance in

15   violation of the equal protection clause.[4] A regulation does not offend the Constitution merely

16   because it has a disparate impact on members of a particular racial or ethnic group. *See Washington v.*

17   *Davis*, 426 U.S. 229, 240, 96 S.Ct. 2040 (1976). Rather, challenges to the Ordinance on the basis of

18   unequal enforcement must allege not only that the enforcement of the Ordinance has a discriminatory

19   effect, but that the enforcement authorities are motivated by a discriminatory purpose. *See Village of*

20   *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S.Ct. 555 (1977);

21   *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007).

22        In the Amended Complaint, Plaintiffs allege that they are being singled out to be criminally

23   prosecuted for violating the Ordinance. FAC ¶ 19, 56. They allege that the intent and purpose of

24   enforcement of the Ordinance is to "harass and discriminate against these minority property owners."

25   *Id.* ¶ 26. These allegations are not only conclusory but contradicted by Plaintiffs' allegations that the

26   police *were responding* to the complaints of citizens, the Homeowners' Association Defendants,

27   ---

[4] "Though the law be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority

28   with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in
similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."
*Yick Wo v. Hopkins*, 118 U.S. 356, 373-74, 6 S.Ct. 1064 (1886).

because of the Plaintiffs' failure to comply with the Ordinance. *Id.* ¶ 19. Additionally, the Amended Complaint lacks any allegations that similarly situated non-Hispanic homeowners are violating the Ordinance but not being cited or prosecuted. Thus, Plaintiffs have not adequately alleged an equal protection violation based on selective prosecution. Nevertheless, the allegations are sufficient to raise an issue of whether such misconduct could be pled. For that reason, the Court will permit Plaintiffs to amend their complaint to plead facts to support this claim to the extent any such facts exist. Therefore, this claim is **DISMISSED WITHOUT PREJUDICE**.

**E.     STATE LAW CLAIMS**

Finally, because the standards of liability under the California Constitution and the Unruh Act are similar to the standards discussed above, Plaintiffs also have not stated a claim under California law. *See Rosenbaum*, *supra*, 484 F.3d 1142; *Warfield v. Peninsula Golf & Country Club*, 10 Cal.4th 594 (Cal. 1995) (Unruh Act does not infringe privacy and association rights under U.S. Const. amends. 1, 14 and Cal. Const., art. 1, §§ 1-3); *Small Property Owners of San Francisco v. City & Cnty. of San Francisco*, 141 Cal. App. 4th 1388 (Cal. App. 1st Dist. 2006) (California courts generally construe the federal and California takings clauses congruently); *Ryan v. Cal. Interscholastic Fed'n*, 94 Cal. App. 4th 1048, 1069 (Cal. App. 4th Dist. 2001) (difference between federal and state due process clause is state due process clause does not require claimant establish a liberty or property interest).

**III.     CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**.

The Court grants Plaintiffs an additional opportunity to plead a claim for selective prosecution only. Plaintiffs may not allege any other claims in any subsequent pleading as all other causes of action are **DISMISSED WITH PREJUDICE**.

Within 21 days of the date of this order, Plaintiffs may file a second amended complaint to allege one count of selective prosecution in violation of the Equal Protection clauses of the California and United States Constitutions. Defendants shall file each of their responses within 21 days thereafter.

///

United States District Court
Northern District of California

This Order terminates Docket Numbers 32 and 36.

**IT IS SO ORDERED.**

March 9, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE